UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------ x
CORBIS CORPORATION,                                    :
                                                       :   No. 09 Civ. 3089 (SAS)
                    Plaintiff,                         :
        v.                                             :
                                                       :
OASIS TRADING CO., INC.,                               :
                                                       :
                                                       :
                    Defendant.                         :
------------------------------------------------------ x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/26/09

## [PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY

Plaintiff Corbis Corporation ("Corbis") and Defendant Oasis Trading Co., Inc. ("Oasis"), through their respective counsel of record, hereby stipulate to the following protective order pursuant to Fed. R. Civ. P. 26(c) to govern the production of documents and things, the filing of documents with the Court, and the disclosure of testimony in this lawsuit:

This Protective Order shall govern any documents, written or recorded matter, interrogatory answers, requests to admit and responses thereto, physical items, deposition testimony, other discovery material produced by any party or non-party during this litigation, which is pending under the caption *Corbis Corp. v. Oasis Trading Co., Inc.*, Case No. 09 Civ. 3098 (SAS) (the "Action"), testimony at any trial or hearing in this Action, and any documents or other materials filed with the Court in this Action.

In connection with this Action, the designating party may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" if such material (a) is or contains non-public trade secrets or other proprietary or sensitive business information; and (b) is designated by a party in good faith as confidential because it contains or is information protected from disclosure by Fed. R. Civ. P. 26(c)(7). Material produced by third parties may, at

the option of that party or at the option of Plaintiffs or Defendant, be deemed "Confidential" or "Attorneys' Eyes Only" under the terms of this Protective Order. The designating party may designate under this Protective Order any document, thing, material, testimony, or other information derived therefrom as "Attorneys' Eyes Only" a) if the designating party reasonably believes that disclosure of the material to the opposing party would result in significant competitive injury to their business, and b) is designated by a party in good faith.

1. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Stamping the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the cover of any multi page document shall designate all parts of the document as Confidential, unless otherwise indicated by the designating party.

2. Testimony taken at a deposition may be designated as Confidential or Attorneys' Eyes Only by making a statement to that effect on the record at the deposition or by advising opposing counsel in writing of any additional portions of such deposition containing Confidential or Attorneys' Eyes Only information within thirty (30) days after receipt of the transcript. Arrangements shall be made by the party seeking Confidential or Attorneys' Eyes Only treatment with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential or Attorneys' Eyes Only and to label such portions appropriately.

3. Material designated as Confidential or Attorneys' Eyes Only under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential or Attorneys' Eyes Only (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this lawsuit, and for no other purpose. Following the final

termination of this lawsuit (whether by judgment, settlement or otherwise as to which all applicable appeal periods have passed), each party shall have the right to retain one (1) complete set of all materials produced in connection with this Action, including Confidential Material, as well as any pleadings, motions, and/or briefs or memoranda that incorporate, rely on, or summarize Confidential Material. Within 60 days following the final termination of this lawsuit, all additional copies of materials produced by a party that contain Confidential Material, shall be (i) destroyed or (ii) returned to counsel for the designating party, at the option and sole cost of the designating party. Such destroyed or returned material shall not include attorneys' notes or work product, or any pleadings, motions, and/or briefs or memoranda. Upon completion of the provisions of this paragraph, counsel for each party shall certify that the provisions of this paragraph have been satisfied by sending opposing counsel a letter confirming compliance.

4.  Material designated Confidential and produced pursuant to this Protective Order may be disclosed or made available only to the Court and its staff, including court reporters employed in this lawsuit, to counsel for a party, including the paralegal, clerical, and secretarial staff employed by such counsel (hereinafter, "Counsel"), and to the "Qualified Persons" designated below:

   a.  a party, or an officer, director, employee, or agent of a party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action, including insurance carriers;

   b.  outside experts or consultants (together with their assistants and clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

   c.  firms engaged by the parties for purposes of photocopying, electronic imaging or computer litigation support in connection with this litigation;

    d.  persons identified on the face of the document in question as an author, addressee or other recipient; and

    e.  witnesses and their counsel.

Material designated as Attorneys' Eyes Only (i) may not be shown to (1) a party, (2) an officer, director, or employee of a party, or (3) to third party witnesses without the prior written approval of the designating party or Court order, but (ii) may be shown to all other "Qualified Persons," as defined herein. Before receiving any Confidential Material, each "Qualified Person" designated in categories 4(b), 4(c), and 4(e) shall be provided with a copy of this Protective Order and shall execute an Acknowledgment of Entry of Protective Order and Nondisclosure Agreement in the form of Attachment "A" ("Acknowledgment"). Each "Qualified Person" designated in category 4(e) above who testifies at a deposition or other proceeding in this action may, in lieu of executing the Acknowledgment, agree on the record to abide by the terms of the Protective Order and Nondisclosure Agreement before receiving any Confidential Material. Counsel for party seeking to disclose Confidential Material to any "Qualified Person" pursuant to this paragraph shall be responsible for permanently retaining the executed originals of all such Acknowledgments.

  5.  Any Confidential Material shall not be revealed to any person not designated in Paragraph 4, unless the party producing the Confidential Material assents in writing to the disclosure or unless the Court otherwise directs. If another court, arbitration tribunal or an administrative or government agency requests, demands, subpoenas, or orders production of Confidential Material that a party has obtained under the terms of this Protective Order, such party shall promptly (not more than forty-eight (48) hours after receipt of such request, demand, subpoena or order) notify the party which so designated material as Confidential of the pendency

of such request, demand, subpoena or order and the designating party may oppose such request, demand, subpoena, or order, if it so elects.

6. During depositions, if a deponent testifies about a subject matter that is deemed Confidential or Attorneys' Eyes Only pursuant to this Protective Order, and any party makes a timely objection to the presence of any person, only the allowed "Qualified Persons" and counsel in this action may be present.

7. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate. However, a party to this litigation may prospectively declare that particularly specified confidential information (to be produced through discovery in this action) that is in the custody of a third person/party is Confidential Material. Counsel for the party receiving such material shall treat it as so designated until such time as the designating party has had a reasonable opportunity to review and stamp the received material in accordance with this Protective Order.

8. If a party wishes to make a submission to the Court that includes Confidential Material, the submission shall be filed in a sealed envelope bearing the case caption and the legend "FILED UNDER SEAL: CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER."

9. If any Confidential Material is used in any court proceeding in this lawsuit, it shall not lose its Confidential status through such use. Pending a further order as this Court may enter regarding confidentiality of Confidential Material used in a bearing or trial in this action, such materials shall be treated as provided in this Protective Order.

10.     The producing party shall promptly notify the receiving party in writing in the event of an inadvertent production of documents subject to the attorney-client privilege or work product immunity after the producing party learns of such inadvertent production. Upon being notified by the producing party pursuant to this paragraph, counsel for the nonproducing party shall use his or her best efforts to retrieve all copies of the document at issue. The receiving party shall return or destroy all copies of such documents within three (3) business days of such notice and certify such return or destruction in writing to the producing party. Return of the documents by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity. Within three (3) business days of such certification, the producing party shall provide a privilege log that provides the basis upon which protection is claimed for the returned document. The receiving party shall not be in violation of this Protective Order for disclosures made prior to receipt of notification. Within three (3) business days after production of the privilege log, the parties shall confer to determine whether the receiving party challenges the inadvertence of the production or claims waiver of the privilege or immunity. If, after conferring, the parties are unable to reach a satisfactory agreement, the receiving party may move the Court regarding the matter within fifteen (15) business days. No receiving party shall disclose or make any use of the information in the document for which the claim of privilege or immunity is being made to any person, without leave of the Court.

11.     The parties may seek modification of this Protective Order at any time either by seeking the other parties' consent or by application to the Court.

12.     A party or other person objecting to the designation of Confidential Material or Attorneys' Eyes Only Material shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. The parties and any other

objecting person(s) shall confer in good faith in an effort to resolve the objection. If such conference does not resolve the objection, within ten (10) days of such conference, the designating person(s) may apply to the Court, by motion or petition, for a ruling that material designated by a party as Confidential or Attorneys' Eyes Only shall be treated as provided in this Protective Order or the Confidential or Attorneys' Eyes Only designation shall lapse. The party that opposes the designation of the material as Confidential or Attorneys' Eyes Only shall be given notice of the application and an opportunity to respond. Pending determination by the Court, material designated by a party as Confidential or Attorneys' Eyes Only shall be treated as provided in this Protective Order.

13. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this Action without involving the court unnecessarily in the process. The documents and information produced pursuant to this Protective Order in this Action shall be usable by the parties to this Action in any other proceeding between the parties, subject to the terms set forth in this Protective Order and any other prevailing laws in the jurisdiction in which the proceeding is pending.

14. The parties agree that the filing and entry of this Protective Order shall not constitute a waiver of any rights under any applicable law, court rules or both.

15. This Protective Order shall survive the termination of this lawsuit and continue in full force and effect, except that the protected status of materials filed with the Court under seal will expire thirty (30) days after the termination of this action by final judgment. The Court grants the parties counsel of record leave to withdraw such materials from the record during the thirty (30) day period following termination of this action by final non-appealable judgment, provided that the party withdrawing the documents from the record maintains a copy of the documents for one year after termination of this action by final non-appealable judgment.

STIPULATED AND AGREED TO:

| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |
|---|---|
| Robert L. Raskopf<br>Jolie A.H. Apicella<br>QUINN EMANUEL URQUHART<br>  OLIVER & HEDGES, LLP<br>51 Madison Avenue<br>22nd Floor<br>New York, New York 10010 | Michael Sullivan<br>COUGHLIN DUFFY LLP<br>350 Mount Kemble Avenue, PO Box 1917<br>Morristown, New Jersey 07962 |

APPROVED AND SO ORDERED:

Hon. Shira A. Scheindlin, U.S.D.J.

Dated:  5/26/09